**BONNER C. WALSH**
Oregon State Bar ID Number 131716
bonner@walshpllc.com
WALSH LLC
PO Box 7
Bly, Oregon 97622
Phone 541.359.2827
Facsimile 866.503 8206

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT ROBLIN,<br><br>Plaintiff,<br><br>vs.<br><br>NEWMAR CORPORATION and FREIGHTLINER CUSTOM CHASSIS CORP.,<br><br>Defendants | Civil Action No.: 6:17-cv-1902<br><br>MAGNUSON-MOSS WARRANTY ACT (15 U.S.C § 2301, *et seq.*); AND STATE CLAIMS.<br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

ROBERT ROBLIN (hereinafter "Plaintiff") files this Plaintiff's Original Complaint and Jury Trial Demand complaining of NEWMAR CORPORATION and FREIGHTLINER

CUSTOM CHASSIS CORP. This action is filed for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. Plaintiff alleges as follows:

**PARTIES**

1. At all times material herein, Plaintiff resided in Seattle and Hoquiam, Washington.
2. Defendant **NEWMAR CORPORATION ("Newmar")** is an Indiana corporation who conducts business in Oregon but does not have a registered agent for process within the state. Newmar may be served through its registered agent, Thorne Grodnik, LLP, c/o Glenn L. Duncan, 228 West High Street, Elkhart, IN 46516.
3. Defendant **FREIGHTLINER CUSTOM CHASSIS CORP. ("Freightliner")** is a South Carolina corporation who conducts business in Oregon but does not have a registered agent for process within the state. Freightliner may be served through its registered agent, CT Corporation System, 2 Office Park Court Suite 103, Columbia, South Carolina 29223.

**JURISDICTION**

4. Jurisdiction of this Court arises under to 15 U.S.C. § 2310(d), 28 U.S.C. §§ 1331, and the doctrine of pendent jurisdiction for the other Oregon claims pursuant to 28 U.S.C. § 1367. Plaintiffs seek relief in excess of $50,000.00.
5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendants are actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief, Defendants transact business in the State and in the District because they have contracted with residents of the District through their sales with residents of the District; (iii) upon information and belief Defendants have committed illegal acts in the District by through their sales and/or have provided defective

products to residents of this district, and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTS**

6. In October of 2015, Plaintiff, who resided in Seattle, Washington, at the time, purchased a 2016 London Aire, VIN: 4UZFCTBG1GCHL7485 (the "Recreational Vehicle") from Guaranty RV in Junction City, Oregon for approximately $480,030.00 ($516,393.00 with applicable Tax title and license fees incurred while registering in Washington).

7. Plaintiff uses his Recreational Vehicle primarily for personal, family and household purposes. Soon after purchase, Plaintiff experienced continuing nonconformities with the Recreational Vehicle, including, but not limited to, the following: multiple failures of the radiator fan drive shaft assembly; air suspension issues; dash lights flashing intermittently when the headlights are on; failure of the windshield sun visor to operate properly; HWH slide failures; leveling jack failures; multiple electrical system failures; coolant leaks; overheating; fan clutch failures; various trim and fitment issues; and toilet water retention issues. The Recreational Vehicle has been in the shop at least 7 times and spent at least 20 weeks in the shop or waiting for parts. The Recreational Vehicle still has defects including: dash lights continue to flash during headlight operation; dashboard rebooting while coach in operation; and the windshield sun visor again failing to operate properly.

8. During the most recent repair/replacement of the radiator fan assembly Freightliner Coburg failed to maintain the vehicle to published specifications and comply with the plaintiff's written instructions to keep the coach connected to a 50 amp power source or disconnect the house and chassis AGM batteries thereby returning the coach with a host of new problems.

This resulted in the batteries being completely discharged, the house battery bank can no longer accept a charge, the coach's internal electrical system is completely inoperable and the coach's engine can only be started with a battery jump.

9. Despite contacts by Plaintiff with Newmar and Freightliner, Defendants have not been able to resolve Plaintiff's issues with the Recreational Vehicle. Despite Plaintiff demanding to Newmar and Freightliner that they repurchase the Recreational Vehicle, Newmar and Freightliner have not made any of the remedies specified in ORS 646A.404 available to Plaintiff. Additional other communications to Newmar and Freightliner also made clear that the vehicle was a "lemon."

**FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT**

10. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter the "MMWA"), 15 U.S.C. § 2301(3).

11. Defendants are "warrantor(s)" and/or "supplier(s)" as defined in the MMWA, 15 U.S.C. § 2301(4) and (5).

12. The RV is a "consumer product" as defined in the MMWA, 15 U.S.C. § 2301(l), because it is normally used for personal purposes.

13. The express warranty pertaining to the RV is a "written warranty" as defined in the MMWA, 15 U.S.C. § 2301(6).

14. The actions of Defendants in failing to tender the RV to Plaintiffs free of defects and failing and refusing to repair the defective RV constitutes a breach of the written and implied warranties covering the RV and is a violation of the MMWA to which Plaintiff is entitled to

recover his damages under 15 U.S.C. § 2310(d)(1) or a full refund under 15 U.S.C. § 2304(a)(4).

15. Plaintiff has performed all things agreed to and required of him under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

16. Pursuant to the MMWA, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit, including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect its rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of the undersigned attorney to prosecute this action. Plaintiff has incurred and continues to incur legal fees, costs and expenses in connection therewith.

17. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs for these claims.

**SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE OREGON LEMON LAW ACT.**

18. Plaintiff realleges and reincorporates by reference herein paragraphs 1 through 9.

19. Defendant Newmar's acts, directly and through their authorized dealers, of failing to confirm the Recreational Vehicle to Newmar's express warranty is a violation ORS 646A.400 et. seq. More specifically:

    A. Defendant Newmar has been unable to conform the Recreational Vehicle despite notice and reasonable attempts by its agent; pursuant to ORS 646A.404.

B. Defendant Newmar, despite notice form consumer that the Recreational Vehicle was a lemon, has not engaged in any alternative dispute resolution or made available any of the remedies outlined in ORS 646A.408.

20. Defendant Freightliner's acts, directly and through their authorized dealers, of failing to confirm the Recreational Vehicle to Freightliner's express warranty is a violation ORS 646A.400 et. seq. More specifically:

    A. Defendant Freightliner has been unable to conform the Recreational Vehicle despite notice and reasonable attempts by its agent; pursuant to ORS 646A.404.

    B. Defendant Freightliner, despite notice form consumer that the Recreational Vehicle was a lemon, has not engaged in any alternative dispute resolution or made available any of the remedies outlined in ORS 646A.408.

20. Plaintiff would not have purchased the Recreational Vehicle from Guaranty RV had he known that he would not have a vehicle that conformed to Newmar's and Freightliner's express warranties. Further Plaintiff would not have purchased the vehicle had he known that he would be deprived of his vehicle for more than 20 weeks.

21. As a result of the violations, and pursuant to ORS 646A.404, this court should rescind the sale and refund Plaintiff his purchase price, in the amount of $516,393.00, less any reasonable allowance for the Plaintiff's use of the vehicle, plus $10,000 to reimburse him for his out of pocket expenses for transporting the Recreational Vehicle for repairs as well as other ancillary expenses. In addition, pursuant to ORS 646A.412, Plaintiff should be awarded an additional $50,000, as Defendants did not act in good faith to resolve this dispute informally. Plaintiff should also be award his reasonable attorney's fees under ORS 646A.412.

**THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE OREGON CONSUMER WARRANTY ACT**

23. Plaintiff realleges and reincorporates by reference herein paragraphs 1 through 9.

24. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory or common-law right and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendants Newmar and Freightliner are liable to Plaintiff for violating the Oregon Consumer Warranty Act under the Oregon Uniform Commercial Code. (ORS 72.8100).

25. The RV meets the definition of a "good" and or "consumer good" as defined by ORS 72.8010(1). Plaintiff is a "buyer" or "retail buyer" as defined by ORS 72.8010(2). Defendants Newmar and Freightliner are "manufacturer(s)" as defined by ORS 72.8010(3).

26. Defendants Newmar and Freightliner have failed to provide a good or consumer good (the RV) in compliance with each applicable warranty. As a result of the violations, this court should require Defendants Newmar and Freightliner to reimburse Plaintiff his purchase price less a reasonable charge for beneficial use and damages by Plaintiff.

**PRAYER**

WHEREFORE, Plaintiff requests that the Defendants be cited to appear and answer in this action and upon final trial of this cause, the Court issue judgment that Plaintiff have and recover against Defendants as follows:

1) On his first claim for relief against Defendants Newmar and Freightliner for violations of the Magnuson-Moss Warranty Act:

a. For rescission of the sale of the RV or in the alternative damages in an amount to be determined by the jury;

b. Statutory damages as determined by the Court; and

c. Attorney's fees and costs.

2) On his second claim for relief against Defendants Newmar and Freightliner for violations of the Oregon Lemon Law:

a. For rescission of the sale of the RV or in the alternative damages in an amount to be determined by the jury;

b. An additional amount not to exceed $50,000 pursuant to ORS 646A.412; and

c. Attorney's fees and costs.

3) On his third claim for relief against Defendants Newmar and Freightliner for violations of the Oregon Consumer Warranty Act:

a. For rescission of the Sale of the RV and a return of the full purchase price less any amounts for reasonable use or damages by Plaintiff.

4) On All Claims for Relief, costs and expenses incurred in this action.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted,

By: /s/ Bonner C. Walsh
Bonner C. Walsh, OSB #131716
WALSH LLC
PO Box 7
Bly, OR 97622
TEL 541.359.2827
FAX 866.503.8206

**ATTORNEY FOR PLAINTIFF**