IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT ROBLIN,

        Plaintiff,

  v.

NEWMAR CORPORATION,

        Defendant.

No. 6:17-cv-01902-MC

**AMENDED OPINION AND ORDER**

**MCSHANE, Judge**:

The Court originally dismissed Third-Party Defendant Freightliner Custom Chassis Corp. ("FCCC") from this case after determining that the Court lacked personal jurisdiction over FCCC. Op. and Order 1, ECF No. 22. Now, Third-Party Plaintiff Newmar Corp. ("Newmar") asserts an indemnification claim against FCCC and FCCC, once again, moves to dismiss for lack of personal jurisdiction. However, unlike the Court's previous decision, new jurisdictional facts allow for the exercise of specific personal jurisdiction. Accordingly, the motion is DENIED.

## BACKGROUND

Robert Roblin purchased a Recreational Vehicle ("RV") manufactured by Newmar. The chassis was manufactured by FCCC. After experiencing mechanical and service-related issues with his RV, Mr. Roblin filed an action against Newmar and FCCC alleging violation of the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, Oregon Lemon Law Act, Or. Rev. Stat. § 646A.400 *et. seq.*, and Oregon Consumer Warranty Act, Or. Rev. Stat. § 72.8100 *et. seq.*

Page 1 – AMENDED OPINION AND ORDER

After the Court dismissed FCCC from the original complaint, Newmar filed a third-party complaint against, alleging new facts that arguably create personal jurisdiction over FCCC. Def.'s Newmar Unopposed Mot. for Leave to File Third-Party Compl. 2–3, ECF No. 44.

## DISCUSSION

FCCC again moves the Court to dismiss it from the case for lack of personal jurisdiction. Where, as here, there is no applicable federal statute governing personal jurisdiction, a district court must apply the law of the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panvasion Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Oregon law authorizes personal jurisdiction to the full extent permitted by the Due Process Clause of the U.S. Constitution. *See* Or. R. Civ. P. 4L. To comport with the requirements of due process, a court may only exercise personal jurisdiction over a non-resident defendant if that defendant has sufficient "minimum contacts" with the forum state, such that the exercise of personal jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and quotation marks omitted). A defendant's minimum contacts may be established through a showing of either general or specific jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). FCCC is not subject to general personal jurisdiction in Oregon. *See* Op. and Order 3–5.

In the Ninth Circuit, courts apply a three-part test to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation and quotation marks omitted). A plaintiff bears the burden of establishing the first two elements of the test, after which the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewic*, 471 U.S. 462, 477 (1985).

**I. Purposeful Availment**

The Court originally dismissed FCCC under the first prong of the jurisdictional test because FCCC had "no control over the service centers." Op. and Order 8. As stated by Newmar, "the factual record was not developed and [Mr. Roblin] could point to little more than FCCC's warranty and that FCCC maintained a network of authorized service centers in Oregon." Def.'s Newmar Unopposed Mot. for Leave to File Third-Party Compl. 3.

However, the key difference now is the newly alleged facts surrounding FCCC's communication with and control of the service center as it relates to the repair of the RV. *Id.* at 2–3. FCCC directed where the RV was to be towed. It instructed the service center to expedite repairs. It instructed the service center to avoid communication with Mr. Roblin's "investigator because customer is possibly trying to build a case for Lemon Law." It instructed the service center not to remove certain equipment. It instructed the service center to "not return the failed components to [Mr. Roblin] 'under any circumstances.'" *Id.*

FCCC believes that these additional facts do not alter the Court's original jurisdiction determination because they do not constitute purposeful availment in Oregon. Third-Party Def. FCCC's Reply to Dismiss Third-Party Compl. 2, ECF No. 72. As explained in *Asahi v. Superior Court of Cal., Solano Cnty.*, "additional conduct" by a defendant is necessary for the exercise of jurisdiction. The new facts surrounding FCCC's control of the service center is additional conduct allowing for the exercise of jurisdiction. 480 U.S. 102, 112 (1987); *see also McIntyre*

*Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 883 ("[I]t is the defendant's *actions*, not his expectations, that empower a State's courts to subject him to judgment." (emphasis added)). Simply put, FCCC availed themselves to jurisdiction in Oregon via their own affirmative conduct. *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990).

## II. Arises Out of Or Results From Forum Activities

FCCC argues that even if Newmar meets the burden under the first prong, they still fail to prove that the claims arise out of or relate to the defendant's forum-related activities. Third-Party Def. FCCC Mot. to Dismiss 12–13. The Ninth Circuit applies a "but for" test to determine if a plaintiff's claims arise from a defendant's forum-related conduct, therefore, Newmar must establish that but for FCCC's contacts with Oregon, Newmar's claims would not have arisen. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

Here, Newmar's third-party complaint seeks to hold FCCC derivatively liable for claims alleged against them by Mr. Roblin, claims in which the repairs at the service center are based upon. *See* First Amend. Compl. ¶¶ 11.I, 24, 33, 39, and 44, ECF No. 36. As explained in *Walden v. Fiore*, "the defendant's suit-related conduct must create a substantial connection with the forum state." 571 U.S. 277, 284 (2014). FCCC argues that their contact with the service center *does not* constitute a substantial connection with the forum state. Third-Party Def. FCCC Mot. to Dismiss 13 (citing *Walden*, 571 U.S. at 285–86).

The Court disagrees. The proper question when determining jurisdiction is "whether the defendant's conduct connects him to the forum in a meaningful way." 571 U.S. at 290. Mr. Roblin's complaint against Newmar alleges various claims that arise out of alleged improper repairs to his RV. The repairs at the service center in Coburg, Oregon form the basis of many of these claims. FCCC directed Mr. Roblin to take the RV to the service center. Once there, FCCC

controlled the course of repairs, possibly due to a fear that Mr. Roblin was establishing Lemon Law liability. Newmar's third-party complaint seeks to hold FCCC derivatively liable for Mr. Roblin's claims. In turn, the claims in Newmar's third-party complaint arise out of or relate to FCCC's forum-related activities and "defendant's conduct . . . form[ed] the necessary connection with the forum State that is the basis for . . . jurisdiction over [them]." *Walden*, 571 U.S. at 285.

Stated differently, specific jurisdiction exists here because there is "'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Fran. Cnty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear v. Brown*, 564 U.S. 915, 919 (2011)) (alteration in original). FCCC was in contact with the service center and directed the repair process, actions which this Court may view as "jurisdictionally relevant contacts." *See Walden*, 571 U.S. at 289 (discussing different actions which may connect a defendant to a forum). FCCC's directives towards the service center were not "'random, fortuitous or attenuated' contacts . . . with other persons affiliated with [Oregon]," it was conduct which forms the basis of Newmar's third-party complaint. *Id.* at 286 (quoting *Burger King*, 471 U.S. at 475).

### III. Reasonableness

Finally, the burden shifts to FCCC to prove that adjudication in Oregon would be unreasonable. *Schwarzenegger*, 374 F.3d at 802. FCCC argues that it is unreasonable because: (1) it is a foreign corporation at home in Delaware and South Carolina; (2) it has no demonstrated contacts with Oregon, so all relevant witnesses and discovery are located out of state; and (3) Oregon has little interest in adjudicating this dispute. Third-Party Def. FCCC Mot. to Dismiss 13–14.

FCCC has the burden of "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. The reasons cited by FCCC do not meet this burden. FCCC took control of the subject Oregon repairs. As a result, there are Oregon witnesses and evidence involved in the lawsuit, and Oregon has an interest in enforcing its own Lemon and Consumer Warranty Laws. If FCCC believes litigation in Oregon is unduly burdensome, they may address that concern in a motion to change venue. *Id.* ("A defendant claiming substantial inconvenience may seek a change of venue.").

## CONCLUSION

Based on the foregoing reasons, FCCC's motion to dismiss for lack of personal jurisdiction is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of October, 2019.

/s/Michael J. McShane
Michael J. McShane
United States District Judge