IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT ROBLIN, an individual,

    Plaintiff,

v.

NEWMAR CORPORATION,

    Defendant.

Case No. 1:17-cv-01902-MC

**OPINION & ORDER**

**MCSHANE, Judge**:

    Plaintiff Robert Roblin purchased a Recreational Vehicle ("RV") manufactured by Defendant Newmar Corp. ("Newmar"). Newmar built the RV on a chassis manufactured by Freightliner Custom Chassis Corp. ("FCCC"). Plaintiff moves for partial summary judgment on their claim under Oregon's Lemon Law, Or. Rev. Stat. § 646A.400 *et. seq.*, alleging that all repairs on the RV are attributable to Newmar as the manufacturer. Newmar counters that they are not responsible to repairs done to the chassis. Based on a plain reading of the statute and the fact that lemon laws are remedial statutes meant to protect consumers, Plaintiff's Motion for Partial Summary Judgment, ECF No. 60, is GRANTED.

## STANDARD OF REVIEW

    The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is

1 –OPINION & ORDER

"genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

After Plaintiff purchased the RV at issue, he immediately began experiencing mechanical difficulties.[1] It is undisputed that the RV was out of service for more than 60 days and that three or more unsuccessful attempts were made to repair the RV's cooling systems, which is part of the chassis. *Compare* Pl.'s Mot. for Part. Summ. J. 2–10, ECF No. 60 *with* Def.'s Resp. 4–12, ECF No. 76. Plaintiff moves for partial summary judgment with respect to their Oregon Lemon Law claim on the basis that they have met the statute's threshold requirements and that there are no genuine issues left for trial.

As an initial matter, Plaintiff has met the preliminary requirements under Oregon's Lemon Law. The alleged nonconformities and repairs alleged by Plaintiff occurred within two years following date of original delivery and the date on which the RV's mileage reached 24,000, satisfying Or. Rev. Stat. § 646A.402(2). Roblin Decl. ¶ 30, ECF No. 61. Plaintiff also satisfied the notification requirements under Or. Rev. Stat. § 646A.402(2)–(3) by continuously updating

---

[1] The Court was also made aware at oral argument that the RV broke down as it was driven to the dealership, prior to Plaintiff's purchase.

2 –OPINION & ORDER

Newmar of the RV's mechanical problems via phone and email. *Id.* at ¶ 32; Pl.'s Mot. for Part. Summ. J. 12 tbl. 1. Plaintiff also sought alternative dispute resolution with Newmar, satisfying the final preliminary requirement under Oregon's Lemon Law. Roblin Decl. ¶¶ 33–34, Ex. 13–15.

There are two affirmative defenses available under the statute, but neither applies here. *See* Or. Rev. Stat. § 646A.404(4)(a) (invalidating a lemon law claim if the alleged nonconformity does not substantially impair use, market value, or safety); Or. Rev. Stat. § 646A.404(4)(b) (invalidating a lemon law claim if the nonconformity is the result of abuse, neglect, or unauthorized modifications or alterations to the motor vehicle).

Once a plaintiff has met the preliminary requirements, Oregon's Lemon Law requires the manufacturer to conform a vehicle to any applicable warranties:

> If *the manufacturer* or agents or authorized dealers of *the manufacturer* are unable to conform the motor vehicle to *an applicable manufacturer's express warranty* by repairing or correcting a defect or condition that substantially impairs the use, market value or safety of the motor vehicle to the consumer after a reasonable number of attempts, *the manufacturer* shall:
> (a) Replace the motor vehicle with a new motor vehicle; or
> (b) Accept return of the vehicle from the consumer and refund to the consumer the full purchase . . . price.

Or. Rev. Stat. § 646A.404(1) (emphasis added).

Further, an Oregon RV consumer is entitled to Oregon Lemon Law protection if they meet the following statutory presumption:

> (1) It is presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the *applicable manufacturer's express warranties* if, during the two-year period following the date of original delivery of the motor vehicle to a consumer or during the period ending on the date on which the mileage on the motor vehicle reaches 24,000 miles, whichever period ends first:
> (a) The manufacturer or an agent or authorized dealer of the manufacturer has subjected the nonconformity to repair or correction *three or more times* and has had an opportunity to cure the defect alleged, but the nonconformity continues to exist; [or]

> (b) The motor vehicle is out of service by reason of repair or correction for a cumulative total of 30 or more calendar days or *60 or more calendar days if the vehicle is a motor home*.

Or. Rev. Stat. § 646A.406(1)(a), (b) (emphasis added).

Simply put, if the RV is unavailable to the consumer for 60 days or three or more unsuccessful attempts have been made to repair the same problem, then the vehicle's owner is entitled to the presumption that the number of repairs has been unreasonable. *Id.* It is undisputed that Plaintiff's RV was out of service for more than 60 days and that three or more unsuccessful attempts were made to repair the RV's cooling systems. *Compare* Pl.'s Mot. for Part. Summ. J. 2–10 *with* Def.'s Resp. 4–12. Plaintiff argues that Newmar, as the final manufacturer of the RV, should be liable for all repair days, including repairs done to the chassis. Pl.'s Mot. for Part. Summ. J. 2.

Newmar disagrees, arguing that the statutory language of Oregon's Lemon Law does not make them responsible for repairs done to the chassis. Def.'s Resp. 12–13. Newmar notes that their warranty "by its express terms, does not cover the chassis that is separately warranted by the chassis manufacturer, namely FCCC." *Id.* at 13. Plaintiff was aware that FCCC separately warranted the chassis. Burgott Decl., ¶ 3, Ex. 2, p. 24, ECF No. 79. From Newmar's perspective, Oregon's Lemon Law is a warranty enforcement statute and if Plaintiff's interpretation is adopted, Newmar's express warranty will be invalidated rather than enforced. *See* Def.'s Resp. 12 ("[T]he Oregon Legislative title is actually 'Enforcement of Express Warranties on New Motor Vehicles.'").

The question before the Court is whether Newmar is "the manufacturer" under Oregon's Lemon Law. Or. Rev. Stat. § 646A.404(1). Normally, when "interpreting state law, [federal courts] are bound by the decision of the highest state court." *In re Kekauoha-Alisa*, 674 F.3d 1083, 1087–

88 (9th Cir. 2012). However, when state courts have not addressed an issue before the Court, "a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (internal quotation marks and citations omitted).

Although Oregon has not addressed the issue of whether a final manufacturer is responsible for subcomponent repairs under their lemon law, Newmar's position is contrary to multiple decisions from other jurisdictions. *See In re Alfa Leisure, Inc. (LaBombard)*, 836 N.Y.S.2d 393, 398 (N.Y. Sup. Ct. 2007) ("The Lemon Law warranties for which the manufacturer is responsible applies to the whole motor vehicle portion of the motor home sold regardless of who made the individual components contained therein."); *Smith v. Freightliner, LLC*, 239 F.R.D. 390, 395 (D. N.J. 2006) ("Even if [the end manufacturer] did not manufacture the chassis, it did manufacture the coach . . . . We do not think that the New Jersey legislature envisioned makers of motor homes contracting around the Lemon Law simply because they did not manufacture or warrant the chassis."); *Temple v. Fleetwood Enters. Inc.*, 133 Fed. Appx. 254, 264–65 (6th Cir. 2005) ("[T]he statute's remedy is designed to be used against the final manufacturer of a vehicle."); *Schonscheck v. Paccar, Inc.*, 261 Wis.2d 769, 780 (Wis. App. 2003) ("We therefore conclude that the language of the lemon law unambiguously makes [the end manufacturer] liable for nonconformities to the . . . engine even though the engine is not covered in [the end manufacturer's] express warranty."); *Sirlouis v. Four Winds Int'l. Corp.*, No 1:10 CV 00469, 2012 WL 1068709, at *13 (N.D. Ohio Mar. 29, 2012) ("There appears to be consensus that when defective component parts come from remote manufacturers, the final assembler of the vehicle may be held liable as the

'manufacturer'."); *Rothermel v. Safari Motor Coaches, Inc.*, No. 93 CV7229, 1994 WL 1029332, at *4 (N.D. Ohio July 29, 1994) ("[T]he manufacturer of a finished motor home (or its agent or authorized dealer) is liable under [Ohio's Lemon Law] for inability to conform the vehicle to any express warranty after a reasonable number of service attempts.").

In *Milicevic v. Mercedes-Benz USA, LLC*, the court noted that lemon laws are remedial statutes that should be liberally construed in favor of the consumer. 256 F. Supp. 2d 1168, 1175 (D. Nev. 2003) ("Remedial statutes should be liberally construed to suppress the mischief and advance the remedy that the statute intended to afford." (internal quotation and citation omitted)). Plaintiff's interpretation meets this standard. A plain reading of Oregon's Lemon Law illustrates the requirement that a manufacturer must conform a vehicle to applicable warranties. Or. Rev. Stat. § 646A.404. Even though Oregon does not explicitly define who "the manufacturer" is that they are referring to in the statute, the legislature referred to "an *applicable* manufacturer's express warranty," seemingly denoting that the *final* manufacturer could be liable for warranty failures by manufacturers of subcomponents. *Id.* (emphasis added). In this case, that means Newmar, as the final manufacturer, is liable for the warranty failure of FCCC.

Decisions from other jurisdictions, specifically Ohio, supports the Court's determination. *Lewis*, 87 F.3d at 1545. Ohio's Lemon Law states that "If the *manufacturer* . . . is unable to conform the motor vehicle to *any applicable express warranty* by repairing or correcting any nonconformity after a reasonable number of repair attempts, the *manufacturer*" shall replace the vehicle or provide a refund. Ohio Rev. Code Ann. § 1345.72(B) (emphasis added). This language is nearly identical to Or. Rev. Stat. § 646A.404(1). Newmar contends that the operative term in Ohio's statute – "*any* applicable express warranty" – is broader than the parallel term in Oregon's

statute – "*an* applicable manufacturer's express warranty." Def.'s Resp. 14. This is a difference in search of a distinction. If my mother tells me to "pick a cookie" out of the cookie jar, her instructions would be no different if she had said, "pick any cookie."

Neither *Rothermel* nor *Temple*, two cases interpreting Ohio's Lemon Law, turned on the breadth of the word "any." In *Rothermel*, the court rejected defendant's argument "that factual questions remain as to whether the nonconformities of which plaintiffs complain affected the motor home's chassis (manufactured and warranted by Oshkosh) or other components installed by [defendant]." 1994 WL 1029332, at *2. Instead, the *Rothermel* court held that Ohio's Lemon Law "clearly contemplates that 'the manufacturer, its agent, or its authorized dealer' will repair or refund the purchase price of a nonconforming motor vehicle. Under this language the remedy is to be provided by a *single entity*." *Id.* at *3 (emphasis added). In *Temple*, the court further explained that Ohio's Lemon Law was "designed to be used against the final manufacturer of a vehicle." 133 Fed. Appx. at 264 (citing *Rothermel*, 1994 WL 1029332, at *3).

Newmar fails to cite to any cases that split lemon law liability amongst multiple manufacturers, but they do argue that district courts in Minnesota and Virginia have disagreed with Plaintiff's interpretation. Def.'s Resp. 14. However, both these cases are distinguishable based on the statutory language present in the Minnesota and Virginia lemon laws. In *Anderson v. Newmar*, the Minnesota district court focused on the fact that Minnesota's Lemon Law defined a "motor vehicle" as "the *self-propelled motor vehicle chassis* or van portion of recreational equipment" and reasoned that because the definition in the statute limited a mobile home to the chassis, only the manufacturer of the chassis could be held liable. 319 F. Supp. 2d 943, 946 (D. Minn. 2004) (emphasis added) (quoting Minn. Stat. § 325F.665, subd. 1(b)). Similarly, in *Parks v. Newmar*, the

Virginia district court found that statute at issue likewise limited the definition of a "motor vehicle" to "the self-propelled motorized chassis of motor homes." 384 F. Supp. 2d 966, 969 (W.D. Va. 2005) (quoting Va. Code Ann. § 59.1–207.11 (2011)). Therefore, like *Anderson*, the *Parks* court held that only the chassis manufacturer could be liable under Virginia's Lemon Law. *Id.* at 971.

At oral argument, the Court informed the parties that Plaintiff's Motion for Partial Summary Judgment was being granted. Newmar's counsel objected, arguing that there was still a factual dispute of whether a "reasonable number of attempts" had been undertaken. Because Plaintiff had shown the absence of a genuine issue of material fact, Newmar, as the nonmoving party, had to go beyond the pleadings and identify facts which show a genuine issue for trial. *Celotex Corp. v. Caltrett*, 477 U.S. 317, 323–24 (1986). Here, Newmar's attempt to avoid summary judgment appears to be an argument that their calculations regarding time spent on repairs presents facts which show a genuine issue for trial. *See* Def.'s Resp. 4–12.

The problem with this argument is that it ignores the Court's conclusion that, under Oregon's Lemon Law, Newmar is responsible for the repairs done to the chassis. Newmar's argument focused on a contention that many of the repairs were not attributable to them under the warranty, but Newmar did not dispute that the repairs noted by Plaintiff took place. *See* Def.'s Resp. 5, 8–9, 11–12.

Newmar has failed to identify a factual rebuttal to the presumption found in Or. Rev. Stat. § 646A.406(1). They themselves acknowledge that the numerous repairs to the RV far exceed the statutory minimum necessary for a vehicle to be considered a "lemon." Instead, they argue that the repairs are not covered by their warranty. Def.'s Resp. 4 ("Plaintiff is dissatisfied with repair efforts by FCCC and . . . the warranty items for Newmar largely involved the 'living quarters' of the

motorhome."). The record is devoid of any evidence which a jury could rely upon in returning a verdict for Newmar. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

From a practical standpoint, this decision protects a consumer from having to litigate against each subcomponent manufacturer, while also ensuring that final manufacturers cannot contract around Oregon's Lemon Law. *Smith*, 239 F.R.D. at 395. Newmar may be correct in asserting that their own components did not cause the RV to malfunction for so long, but that does not mean that Newmar can escape liability as the final manufacturer. Newmar has the opportunity through applicable contracts, warranties, or indemnification to recoup their losses against subcomponent manufacturers, but as "the manufacturer" they are still responsible for any violations of "an applicable express warranty." Or. Rev. Stat. § 646A.404.

## CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment, ECF No. 60, is GRANTED.

IT IS SO ORDERED.

DATED this 12th day of November, 2019.

      /s/ Michael J. McShane
Michael McShane
United States District Judge