IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ROBERT ROBLIN**,

    Plaintiff,

v.

**NEWMAR CORPORATION**,

    Defendant.

**Civ. No. 6:17-cv-1902-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    This Court granted Plaintiff Robert Roblin's Motion for Partial Summary Judgment as to Roblin's lemon law claim against Defendant Newmar Corporation ("Newmar"). Op. and Order, ECF No. 100. Plaintiff now moves for $582,349.83 in attorney fees and $57,018.53 in costs under Or. Rev. Stat. § 646A.412(3). Mot. for Attorney Fees, ECF No. 107; Bill of Costs, ECF No. 111; Pl.'s First Supp. Mot. for Attorney Fees, ECF No. 139. Newmar opposes the awarding of attorney fees and bill of costs. For the reasons discussed below, Roblin's Motion and Supplemental Motion for Attorney Fees (ECF No.'s 107 & 139) and Bill of Costs (ECF No. 111) are GRANTED in full. Roblin is awarded $582,349.83 in attorney's fees and $57,018.53 in costs.

**DISCUSSION**

**I. Attorney Fees**

    Generally, the Court is not to award fees to a prevailing party "absent explicit statutory authority." *Id.* at 602 (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). Under Or. Rev. § 646A.412(3), "The court may award reasonable attorney fees, fees for expert witnesses and costs to the prevailing party in an appeal or action under [Or. Rev. Stat. § 646.400] to [Or.

Page 1 – OPINION AND ORDER

Rev. Stat. § 646.418] that involves a motor home." This Court granted Plaintiff's Motion for Partial Summary Judgment as to Plaintiff's lemon law claim and entered a Second Amended Judgment determining damages. Op. and Order, ECF No. 100.; Second Amended Judgment, ECF No. 135. Plaintiff is thus the prevailing party and entitled to reasonable attorney fees. Or. Rev. Stat. § 20.075(1)–(2).

A reasonable billing rate is determined based on the "prevailing market rate" in the relevant community. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The burden is on the petitioner to prove "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Oregon applies the "lodestar" method for calculating attorney fees. *Strawn v. Farmers Ins Co. of Or.*, 353 Or. 210, 217–21 (2013). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Moro v. State*, 360 Or. 467, 472 (2016). A strong presumption exists that the lodestar figure represents a reasonable fee, and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

In Oregon, the Court may alter the lodestar figure by evaluating several factors under Or. Rev. Stat. § 20.075. *Strawn*, 353 Or. at 224. Evaluation under Or. Rev. Stat. § 20.075 is a two-part inquiry. *Lloyd v. Gerhard*, No. 3:17-cv-00582-AA, 2020 WL 265196, at *1 (D. Or. Jan. 16, 2020). The Court first considers:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

Page 2 – OPINION AND ORDER

>   (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>   (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>   (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>   (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
>   (h) Such other factors as the court may consider appropriate under the circumstances of the case.

Or. Rev. Stat. § 20.075(1). The Court then considers:

>   (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>   (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>   (c) The fee customarily charged in the locality for similar legal services.
>   (d) The amount involved in the controversy and the results obtained.
>   (e) The time limitations imposed by the client or the circumstances of the case.
>   (f) The nature and length of the attorney's professional relationship with the client.
>   (g) The experience, reputation and ability of the attorney performing the services.
>   (h) Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2). "[The Court] should 'include[e] in its order a brief description or citation to the factor or factors on which it relies.'" *O'Connor v. Cty. of Clackamas Eyeglasses*, No. 3:11-cv-01297-SI, 2016 WL 3063869, at *2 (D. Or. May 31, 2016) (citing *McCarthy v. Or. Freeze Dry, Inc.*, 327 Or. 185, 190–91 (1998)).

### A. Or. Rev. Stat. § 20.075(1) Factors

Roblin moves for $582,349.83 in attorney fees. Roblin acknowledges that the fees requested are substantial but asserts that they are reasonable. Decl. of Daniel Skerrit ¶ 12, ECF No. 108. Newmar does not outright oppose awarding attorney fees but "request[s] a 'substantial' reduction of the 'substantial' fees sought by . . . Plaintiff." Def. Newmar's Resp. to Pl.'s Mot. for Attorney Fees 10, ECF No. 114; *see also* Def. Newmar's Resp. to Pl.'s First Supp. Mot. for Attorney Fees and Costs 2, ECF No. 145. The Court "ordinarily has no obligation to make findings

Page 3 – OPINION AND ORDER

on statutory criteria that play no role in the court's decision." *Frakes v. Nay*, 254 Or. App. 236, 255 (2012). Because Newmar only challenges the total attorney fees, the Court will assume that the Or. Rev. Stat. § 20.075(1) factors weigh in Roblin's favor.

### B. Or. Rev. Stat. § 20.075(2) Factors

Of the eight factors in Or. Rev. Stat. § 20.075(2), factors (a), (c), (d), and (g) are considered the lodestar factors. *O'Connor*, 2016 WL 3063869, at *3 (citations omitted). "Factor (a) generally relates to the reasonableness of the number of hours expended by counsel for the prevailing party, factors (c) and (g) generally relate to the reasonableness of the hourly rates charged, and factor (d) generally informs whether an upward or downward adjustment might be appropriate." *Id.*

Newmar relies heavily on the Response and Declaration of William H. Stockton ("Stockton Decl.") to support their argument that the Court should reduce Roblin's requested attorney's fees. Def. Newmar's Resp. to Pl.'s Mot. for Attorney Fees 10; Def. Newmar's Resp. to Pl.'s First Supp. Mot. for Attorney Fees and Costs 2. Mr. Stockton opined:

> Plaintiff's attorneys have overstaffed and overbilled this file. They have submitted billings with very high attorney rates for a less than complex case and have billed an unreasonable amount of time for the tasks completed. While the billing persons have been identified as highly skilled, their inability to conduct their work in a highly skilled fashion has resulted in numerous duplications of work that was unnecessary.

Stockton Decl. 18.

Because Newmar's argument is a revaluation of the lodestar figure presented by Roblin, the Court finds that "the 'lodestar' factors, are most relevant, with the remaining factors being either neutral or inapplicable." *O'Connor*, 2016 WL 3063869, at *3.

### 1. Factor (a) – Reasonableness of hours expended

Newmar argues that Roblin's attorneys spent an unreasonable amount of time litigating this case. Newmar specifically contends that Roblin's attorneys overbilled on a case that was not

Page 4 – OPINION AND ORDER

complex and that multiple timekeepers billed for the same task. Def. Newmar's Resp. to Pl.'s Mot. for Attorney Fees 10.

First, the Court disagrees with Newmar and Mr. Stockton's contention that Roblin's attorneys overbilled for a less than complex case. As the Court noted, Oregon courts had yet to decide whether a final recreational vehicle ("RV") manufacturer was liable under Oregon's lemon law. Op. and Order 4–5. There were also conflicting results from different jurisdictions depending on that state's lemon law. *Id.* at 4–8. Throughout this litigation, Newmar has been steadfast in their belief that they were not the responsible party for the trouble Roblin's RV caused him. Even though the Court recognized that Newmar had every right to challenge Roblin's argument that Newmar was the responsible party, the fact that each parties position had merit only further reflects the complexity and difficulty in litigating a case of first impression. *See* Order on Damages 4, ECF No. 132 ("Newmar's position was not frivolous because Oregon had yet to decide whether a final manufacturer was liable for subcomponent repairs.").

Second, the Court also disagrees with Newmar's belief that Roblin billed repeatedly for the same task. A common theme in Newmar's responses is that Roblin overbilled simply because more than one person worked on the same legal issue. Newmar seeks to categorize these billings as redundant, but the Court instead agrees with Roblin's contention that "the fact that more than one biller participated . . . does not mean that effort was duplicated." Reply in Supp. of Pl.'s First Supp. Mot. for Attorney Fees and Costs 7, ECF No. 150. Roblin's time-entries show that multiple timekeepers divided the work so that everyone completed a specific, discrete task.

For example, Newmar and Mr. Stockton assert "that an excessive amount of time was spent by multiple attorneys to draft a reasonably simple amended complaint." Def. Newmar's Resp. to Pl.'s Mot. for Attorney Fees 7. But upon review, Roblin's counsel was not duplicating efforts, but

ensuring that the amended complaint did not have any deficiencies. As Roblin correctly notes, while the initial complaint took five hours, it resulted in the elimination of a third-party defendant. Pl.'s Reply in Supp. of Mot. for Attorney Fees. 6. By comparison, three attorneys worked on the amended complaint and their time entries show that the contract attorney first drafted the amended complaint, an associate revised it, and the lead attorney provided final review and approval. Wilcox Decl. ¶ 9, ECF No. 124. While Newmar may disagree, the Court finds that such a strategy is an appropriate distribution of work, especially when considering the results obtained by Roblin's counsel. Decl. of Daniel Skerrit ¶ 13.

In sum, the Court finds that the legal issues presented were complex and that Roblin did not bill for duplicative efforts. The Court therefore finds that factor (a) weighs in favor of Roblin.

### 2. Factors (c) and (g) – Reasonable Hourly Rate

Newmar only challenges the hourly rate of the paralegals employed by Roblin and the rates charged by Rene E. Rothauge and Daniel J DiCicco. Pl.'s Reply in Supp. of Mot. for Attorney Fees 2, ECF No. 122. The Court thus finds that the unchallenged attorney fees are reasonable and discusses the challenged rates in turn.

When determining what is a reasonable hourly rate, Oregon courts may rely on several billing rate surveys conducted in Oregon. These surveys include the Oregon State Bar 2017 Economic Survey ("OSB 2017 Survey") and the 2018 Morones Survey of Commercial Litigation Fees ("Morones 2018 Survey").[1] Beginning with Ms. Routhage, Newmar is correct in their assertion that her rate is higher than the market average. Even so, Ms. Routhage has also earned many accolades and recognition for her professional competence. *See* Decl. of Daniel Skerrit ¶ 29. While defendants acknowledge Ms. Routhage's good reputation, Newmar still contends that her

---

[1] Both surveys were attached as separate exhibits to the Declaration of Daniel Skerrit, ECF No. 108.

Page 6 – OPINION AND ORDER

$600 rate is too high. Stockton Decl. 16–17. The Court disagrees. Looking at the OSB 2017 Survey, top tier rates in 2016 for commercial litigation was $525 per hour. In comparison, the Morones 2018 Survey reports that the top commercial litigation attorneys in Portland charge an average rate of $750 per hour. Not only does Ms. Routhage's rate fall in between the two surveys, it skews towards the lower number. Thus, the Court finds that Ms. Routhage's rate was reasonable.

Newmar next challenges the rate charged by Mr. DiCicco, who billed at a rate of $290 per hour. Mr. DiCicco has practiced law for 11 years. According to the OSB 2017 Survey, the median rate for a practicing attorney of 10 to 12 years in Portland is $300 per hour. Because Mr. DiCicco's rate falls under the median rate, the Court find that his rate is reasonable.

Newmar's lastly argues that the paralegals who worked on Roblin's case unreasonably charged a rate of $235 per hour. "Although the [OSB 2017 Survey] does not include data on paralegal rates, this District has found such rates reasonable where they do not exceed the average rate for a first-year associate." *Baldin v. Wells Fargo Bank, N.A.*, No. 3:12-648-AC, 2016 WL 3021726, at *12 (D. Or. Apr. 12, 2016) (quoting *Prison Legal News v. Umatilla Cnty.*, NO. 212-cv-01101-SU, 2013 WL 2156471, at *7 (D. Or. May 16, 2013)). The OSB 2017 Survey provides that the median billing rate for an attorney practicing between zero to three years in Portland is $235 per hour. Because Roblin's paralegal rates "do not exceed the average rate for a first-year associate," the Court finds that they are reasonable. *Id.*

Based on these reasons, factors (c) and (g) also weigh in Roblin's favor.

### 3. Factor (d) – Amount in Controversy and Results Obtained

Roblin sought full compensation for his RV and achieved that result on summary judgment. As a result, factor (d) also weighs in Roblin's favor.

### 4. Summary

All the lodestar factors in Or. Rev. Stat. § 20.075(2) weigh in Roblin's favor and support the determination that his requested attorney's fees are reasonable. Thus, Roblin is awarded attorney's fees of $582,349.83.

## II. Bill of Costs

Roblin also requests $57,018.53 in costs. Or. Rev. Stat. § 646A.412(3) ("The court may award reasonable … costs to the prevailing party."). "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[Rule 54(d)(1)] creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'c of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).

While Newmar objected to these requested costs, they failed to identify what parts of Roblin's bill of costs were improper. *See* ECF No. 115. In this District, a party who objects to any item in a Bill of Costs must file an objection supported by an affidavit or declaration within 14 days of being served with the Bill of Costs. LR 54-1(b). But even without a proper objection, the Court's review of the submitted bill of costs shows that they were reasonable. *See Tucker v. Cascade Gen., Inc.*, No. 3:09-CV-1491-AC, 2015 WL 2092849, at *1 (D. Or. May 5, 2015).

Roblin is thus awarded $57,018.53 in costs.

## **CONCLUSION**

For all these reasons, Plaintiff Roblin's motions for attorney's fees and bill of costs is GRANTED in full. Roblin is awarded attorney's fees in the amount of $582,349.83 and costs in the amount of $57,018.53.

IT IS SO ORDERED.

DATED this 21st day of May, 2020.

                                               s/Michael J. McShane
                                              Michael J. McShane
                                              United States District Judge