IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT ROBLIN,

    Plaintiff,

v.

NEWMAR CORPORATION,

    Defendant.

No. 6:17-cv-01902-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

Before the Court is Third-Party Plaintiff Newmar Corporation's ("Newmar") motion for damages, motion for attorney fees and costs, and motion for judgment against Third-Party Defendant Freightliner Customer Chassis Corporation ("FCCC"). *See* ECF No.'s 202, 203 & 204. Because of the Court's prior determination that FCCC was contractually indemnified to Newmar, Newmar's three motions are all GRANTED.

Beginning with Newmar's motion for damages, the Court explained in its prior Opinion and Order that:

> The damages [Plaintiff Robert] Roblin sought from Newmar (a complete refund for the RV and attorney fees) are direct damages. In their [Customer Sales] Agreement, Newmar and FCCC contemplated that they may incur loss or damages to a third party such as Mr. Roblin. This is reflected in the indemnification provisions. The Agreement also included an express warranty provision where FCCC "warrant[ed] that the Chassis [would] comply with all applicable federal, state and local laws, rules and regulations" and that "[t]he Chassis will be . . . free from defects." When read together, the express warranty and indemnification provisions reflect that the parties contemplated the possibility of third-party damages resulting from problems with the chassis. In other words, Newmar's liabilities to Mr. Roblin are direct damages because they were reasonably foreseeable and contemplated under the Agreement.

Op. and Order 5, ECF No. 201 (citations omitted). While FCCC argues that there are still factual determinations necessary before the Court can award damages, the Court disagrees. Because Newmar moves for an award of damages that they are entitled to, Newmar's motion for damages, ECF No. 202, is GRANTED. Newmar is awarded damages against FCCC in the amount of $1,461,366.23.

Newmar also moves the Court for entry of final judgment. Newmar, under Fed. R. Civ. P. 41(a)(2), requests "that the Court dismiss without prejudice the First Claim for Relief, Count Two of the Second Claim for Relief and the Third Claim for Relief of its Third-Party Complaint." Newmar's Mot. for Entry of Final J. 3, ECF No. 203. Newmar's request is GRANTED and those claims are dismissed without prejudice. With those claims dismissed and because the Court is granting Newmar's motion for damages, "the entirety of Newmar's Third-Party Complaint [is] resolved." *Id.* at 3–4. Newmar's motion for entry of final judgment, ECF No. 203, is therefore GRANTED.

Finally, Newmar moves for an award of attorney fees in the amount of $123,505.00 and costs in the amount of $15,014.29. Newmar's Mot. for Att'y Fees and Costs 2, ECF No. 204. As Newmar correctly noted in their motion, the parties agree that Indiana law "applies to the interpretation of the Customer Sales Agreement." *Id.* at 4. Further, the indemnity provision of the Customer Sales Agreement contemplated related attorney fees and costs. *Id.* at 2. And under Indiana law:

> An indemnitee, who incurs legal expenses through defending an action against him for which he is entitled to indemnification, is entitled to recover the expense of creating his defense, including reasonable attorney fees. *This is especially true where the indemnitor has been notified of the suit and refuses the opportunity to defend it*.

*Zebrowski and Associates, Inc. v. City of Indianapolis*, 457 N.E.2d 259, 264 (1983) (emphasis added).

That is exactly what happened here. *See* Op. and Order 8 (explaining how FCCC was notified of this litigation but refused to appear). Because FCCC failed to defend itself even after receiving proper notification, Newmar is entitled to reasonable attorney fees of $123,505.00 and costs in the amount of $15,014.29.

## CONCLUSION

For the above reasons, Newmar's motion for damages, ECF No. 202, motion for attorney fees and costs, ECF No. 204, and motion for judgment, ECF No. 203, are all GRANTED. Newmar is awarded $1,461,366.23 in damages. Newmar is also entitled to attorney fees of $123,505.00 and costs in the amount of $15,014.29.

IT IS SO ORDERED.

DATED this 2nd~~th~~ day of Ju~~ne~~ly, 2021.

/s/ Michael J. McShane
Michael J. McShane
United States District Judge